DAN L. KING v. THE STATE.

No. 18617. Delivered December 23, 1936.

The opinion states the case.

*Lane & Lane,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of aggravated assault, and his punishment was assessed at confinement in the county jail for a term of six months and a fine of $50.00.

The complaint and information upon which appellant was tried contained two counts, in one of which he was charged with having committed an aggravated assault upon Felix N. Jones, a constable of precinct number four in and for Harrison County, Texas, who was then and there in the lawful discharge of his official duty as an officer, which fact was then and there well known to the said Dan L. King. In the second count it was charged that appellant made an aggravated assault upon the person of Felix N. Jones with a deadly weapon, to-wit: a rifle. If the testimony adduced by the State supports either, then the verdict of the jury and the judgment based thereon should be affirmed. But a careful study of the record leads us to the conclusion that the testimony does not justify appellant's conviction on either of the charges contained in the information.

Felix N. Jones, the alleged assaulted party, testified that he was constable of precinct number four of Harrison County, Texas, which was well known to the appellant; that on the day of the alleged offense he went to the home of appellant and that of his father, mother, and brothers loking for a stolen pig; that while at their home he observed a certain pig in a pen and inquired of appellant's father, who had brought and put that pig in the pen; that the father informed him that his son,

Jessie King, had put the pig in the pen; that soon thereafter appellant, his brothers Jessie and Joe King, accompanied by their sisters came home in an automobile. Jones, the constable, approached Jessie at the car, questioned him with reference to the pig, arrested him, placed handcuffs on him, and told him that he was going to take him to jail; that after being handcuffed Jessie ran into the house, and the constable with drawn pistol followed him; that when he reached the porch of the house, defendant, a brother of Jessie who was in the house, secured a Winchester, drew it on the constable and forbid him to enter. The uncontradicted testimony shows that the constable had no warrant of arrest for Jessie and it is obvious from the record that the offense of theft of a pig was not committed, if committed at all, within the presence or within the view of the constable; nor is it shown that he had been informed by a credible person that the pig in the pen was a stolen pig. Hence the act of the constable in arresting Jessie King was illegal and the prisoner had a right to effect his release and thereafter resist the officer in re-arresting him. Appellant, who was a brother of Jessie, likewise had a legal right to prevent the officer's invasion to re-arrest his brother Jessie, provided he used no more force than was reasonably necessary to accomplish that object.

In the case of Miers v. State, 34 Texas Crim. Rep., 161, this court said:

"* * * the deceased, a constable, had no right to arrest the appellant, and in making the arrest was a trespasser, and the appellant had the right to resist by force, using no more than was necessary to resist the unlawful acts of the officer. An officer who acts without proper authority, and the person doing the same act who is not an officer, stand on the same footing; and any third person may lawfully interfere to prevent an illegal arrest, doing no more than is necessary for that purpose. * * * If deceased, Burnett, had no right to arrest appellant, and if in so doing he was a trespasser, had he the right to retain him in his custody? Does the fact that appellant yielded, without resistance, or without protesting against the trespass, make the arrest legal? Does this fact deprive the man falsely imprisoned of the right to assert his rights and regain his liberty, or convert in some mysterious manner the trespass into a lawful act? The affirmative of these questions has no support in principle or reason. Being wrongfully and illegally deprived of his liberty, appellant had the same right to regain it, and right to use the same means, force, or resist-

ance, as he had in preventing an illegal arrest. Being falsely imprisoned, he had the right to his liberty, and, for the purpose of obtaining it, could use all force necessary for that purpose, taking care to use no more than was required."

See Carter v. State, 17 S. W., 1102.

The facts in this case, as we understand them from the record, are not such as authorized the assaulted party to act under authority of art. 325, C. C. P., 1925.

There are other interesting questions presented by the record which we do not deem necessary to discuss in view of the disposition we are making of this case.

It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.